# 2001 DTA 142

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN**

MARTA MARIA VEGA
Demandante-Peticionaria

v.

CONCEPCION VELAZQUEZ SERRANO
Demandada-Recurrida

Núm. KLCE-00-01442

San Juan, Puerto Rico, a 5 de abril de 2001

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano,
y los Jueces Aponte Jiménez y González Román

Aponte Jiménez, Juez Ponente

■■■■■■■■■

**TEXTO COMPLETO DE LA RESOLUCION**

Mediante este recurso, la peticionaria, Marta María Vega Zayas, solicita que revisemos el dictamen emitido por el Tribunal de Primera Instancia, Sala Superior de San Juan, que denegó su petición para que se dictase sentencia sumaria a su favor en la demanda sobre nulidad de testamento que presentó por no existir controversia de hechos materiales. A la luz de los fundamentos que a continuación esbozamos, denegamos la expedición del recurso presentado.

Los autos reflejan que el 13 de junio de 1991, el señor Manuel Vega otorgó un testamento abierto ante el notario Francisco Radinson Pérez. Actuaron como testigos, Raúl Carrión Infante, Serafín Pérez González e Ildefonso Rivera Mojica. Surge de la escritura otorgada que cada uno de ellos aseveró que, a su juicio, el testador se hallaba *"con capacidad legal suficiente para otorgar [el] Testamento, en buena salud física y en pleno uso de sus facultades mentales, siendo, por tanto, su mente lúcida, su inteligencia clara y su habla expedita"*. Lo mismo hizo constar el notario autorizante del acto.

En el testamento, el testador instituyó a la peticionaria como única y universal heredera en la porción del caudal correspondiente a la legítima larga, i.e., el tercio de legítima estricta y el de mejora. Asimismo, instituyó a la recurrida, Concepción Velázquez Serrano, como única y universal heredera del tercio de libre disposición y como albacea. En las cláusulas séptima y octava hizo constar lo siguiente:

*"SEPTIMA: Que aunque el Testador reconoce que no ha contraído matrimonio con doña Concepción Velázquez Serrano, le reconoce a ésta el derecho de legítima esposa y así quiere y exige que su hija lo acepte y respete. El Testador me informa que la residencia que tiene al presente y que adquirió siendo soltero a través de la Administración de Veteranos, la adquirió ya conviviendo consensualmente con doña Concepción Velázquez Serrano y que ésta ha contribuido sustancialmente con su esfuerzo y cuidado en el valor y conservación de la misma y solicita y requiere de su hija Marta María Vega Zayas que le reconozca a su esposa consensual, doña Concepción Velázquez Serrano, una participación equivalente a la mitad en dicha propiedad, irrespectivamente de la institución de herederos que más adelante designará.*

*OCTAVA: Que asimismo dispone el Testador que al unirse consensualmente con doña Concepción Velázquez Serrano, nada traía a la fecha de esa relación y todo lo adquirido posteriormente a dicha unión ha sido producto del esfuerzo expresamente de ambos en la creación y mantenimiento de dichos bienes."*

Fallecido el testador el 8 de febrero de 1999, la peticionaria instó una demanda sobre nulidad de testamento abierto en contra de la recurrida. Alegó que el mismo, otorgado el 13 de junio de 1991 por el señor Manuel Vega, es nulo. Se basó en que éste padecía de sus facultades mentales y físicas al otorgarlo, habiendo sido tratado en el Hospital de Veteranos como un paciente con esquizofrenia. Señaló que el efecto de la cláusula testamentaria reconociendo a la recurrida un cincuenta por ciento (50%) de participación en el único bien inmueble que dejó al momento de su muerte, es contraria a lo dispuesto por ley en cuanto a su legítima se entiende. Sostuvo que es hija única del testador y fue reconocida como su única y universal heredera. Añadió que el testador estaba legalmente casado con la recurrida al momento de su muerte.

Esta última contestó. Negó las alegaciones medulares de la demanda. Aclaró que contrajo matrimonio con el testador el 27 de noviembre de 1992. Expuso, como defensas afirmativas, que éste nunca fue declarado incapacitado por tribunal alguno. Añadió que la esquizofrenia no es una condición que incapacite para testar. Agregó que el notario y los testigos instrumentales consignaron que tenía la capacidad legal suficiente para otorgar el testamento.

Posteriormente, la peticionaria solicitó que se dictara sentencia sumaria a su favor. Sometió como prueba el testamento, un informe médico del testador suscrito por el Dr. Pedro L. Nieves el 11 de septiembre de 1969 y una evaluación psiquiátrica del testador suscrita por el Dr. Angel N. Miranda el 22 de febrero de 1985. Planteó que no era válido el testamento porque al momento de otorgarlo, no se utilizó a dos (2) facultativos médicos que reconocieran la lucidez del testador, quien era un paciente de esquizofrenia incapacitado para testar.

De otra parte, indicó que el bien inmueble en cuestión es privativo del testador. Adujo que la cláusula séptima es contraria a derecho, ya que perjudica la institución de herederos al donar en exceso de lo permitido por testamento más del tercio de libre disposición. Sostuvo que la cláusula séptima es una donación que no fue hecha, ni aceptada mediante escritura pública. Adujo que constituye también una donación entre cónyuges, la cual está prohibida por ley.

La recurrida se opuso a la solicitud de sentencia sumaria. Incluyó una declaración jurada suya. Argumentó que los documentos presentados por la peticionaria establecen una controversia de hechos en cuanto a la capacidad legal para testar del señor Manuel Vega. Señaló que antes de casarse con el testador existió entre ellos una comunidad de bienes. Expuso que en este caso no se trata de una donación sino de *"un derecho que ella tiene por virtud de su trabajo, esfuerzo, dedicación y servicios que a la par con su esposo, señor Vega, ayudaron en igual proporción al sostenimiento de ellos y al mantenimiento de la propiedad adquirida por él"*.

El foro de instancia resolvió. Dictaminó que de los documentos y las mociones presentadas aflora duda en cuanto a los hechos pertinentes. Declaró que había controversia sobre la existencia o no de una comunidad de bienes y si el causante padecía o no de sus facultades mentales. De esa forma, denegó la solicitud de sentencia sumaria.

Inconforme, la peticionaria acude ante nos. Le imputa al foro recurrido el siguiente señalamiento:

*"Erró el Honorable Tribunal de Instancia al no dictar la sentencia sumaria solicitada, ya que no hay controversia real sustancial sobre ningún hecho material para establecer la nulidad del testamento otorgado por Don Manuel Vega."*

Evaluados los argumentos y planteamientos que nos presenta la peticionaria y los expuestos por la recurrida en su comparecencia, junto con los documentos que obran en autos y el derecho aplicable, procedemos a resolver. La Regla 36.3 de Procedimiento Civil dispone que *"la sentencia [sumaria] solicitada se dictará inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios, y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente..."*. 32 L.P.R.A. Ap. III, R. 36.3; *Luán Investment Corp. v. Rexach Const. Co., Inc.*, **2000 J.T.S. 196**, pág. 552. A tenor de lo dispuesto en dicha Regla, cualesquiera de las partes en un pleito podrá solicitar que se dicte sentencia sumaria a su favor. *Colegio de Ingenieros v. A.A.A.*, 131 D.P.R. 735 (1992).

Dicho mecanismo procesal es un remedio discrecional extraordinario que únicamente se concederá cuando la evidencia que se presente con la moción establezca con claridad la existencia de un derecho. Solamente debe ser dictada en casos claros, cuando el tribunal tenga ante sí la verdad sobre todos los hechos pertinentes. *Medina Morales v. Merck, Sharp & Dhome*, 135 D.P.R. 716 (1994); *Cuadrado Lugo v. Santiago Rodríguez*, 126 D.P.R. 272 (1990).

Al evaluar la solicitud, el tribunal analizará los documentos que acompañan la moción solicitando la sentencia sumaria, aquellos incluidos en la oposición y los que obren en el expediente. *Luán Investment Corp. v. Rexach Const. Co., Inc., supra*, pág. 553. Determinará también si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido refutadas en forma alguna por los documentos. *PFZ Properties v. General Accidents*, 136 D.P.R. 881 (1994). Presumirá ciertos los hechos no controvertidos que se hacen constar en los documentos y declaraciones juradas admisibles que se acompañan con la moción. Toda inferencia que se

haga a base de los hechos y documentos que obren en los autos debe tomarse desde el punto de vista más favorable al promovido. *M.A.S. Corp. v. E.L.A.*, **2000 J.T.S. 189**, págs. 440-441.

Con estos antecedentes, apreciamos que no procedía dictar sentencia sumaria en el caso de autos. De la prueba, ante la consideración del foro recurrido, se desprende que existe controversia real y sustancial en cuanto a ciertos hechos materiales. Por ejemplo, no está del todo claro el asunto de la capacidad legal del testador para otorgar el testamento. Reconocemos que se presume que una persona tiene perfecta lucidez mental mientras no fuere declarada incapaz o se pruebe claramente la perturbación de sus funciones, *Jiménez v. Jiménez*, 76 D.P.R. 718 (1954), y que, además, en el caso de autos, el notario y los testigos instrumentales afirmaron que a su juicio el testador poseía la capacidad legal necesaria para testar. Véase, Artículo 634 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2150. Sin embargo, surge del informe médico del Dr. Nieves que en el año 1969 se le diagnosticó al testador esquizofrenia crónica de tipo no diferenciado. ■ Asimismo, el informe médico del Dr. Miranda preparado en el año 1985, indica que éste tiene historial de esquizofrenia, que en algún momento de su vida estuvo recluido por razones psiquiátricas y que en ese momento, por su condición, no estaba competente para manejar los beneficios que le brindaba la Administración de Veteranos. Advertimos, así, que esa prueba médica crea una controversia sobre la capacidad legal del señor Manuel Vega para testar, la cual debe ser adjudicada en los méritos en una vista en su fondo.

En relación con la solicitud del testador a la peticionaria para que le reconozca a la recurrida una participación en un inmueble de su propiedad equivalente a un 50% de la totalidad por haber constituido con ésta una comunidad de bienes, ello de por sí no conlleva la nulidad del testamento o de dicha manifestación. El testamento se define como el acto por el cual una persona dispone de todos sus bienes para después de su muerte. 31 L.P.R.A. sec. 2121. Una lectura de las cláusulas impugnadas refleja que lo expresado por el testador no es más que una solicitud dirigida a la peticionaria para que le reconozca a la recurrida, con quien vivió un tiempo sin casarse, su participación en el inmueble a que se refiere el testamento equivalente a un 50%, así como unas expresiones sobre una comunidad de bienes que sostuvo con ella constituida desde antes de adquirir la propiedad en cuestión.

Ante la impugnación de la peticionaria, el alcance de las aludidas cláusulas depende de la determinación que tome el tribunal en su día, luego de escuchar la prueba que ambas partes presenten en apoyo de sus respectivas posiciones. Comoquiera que se resuelva esa controversia, no se afecta la institución de herederos. De determinarse que no hubo tal comunidad, ésta prevalece. De lo contrario, le correspondería a la recurrida el 50% de la propiedad, no ya por disposición testamentaria, sino como parte su participación en la comunidad de bienes. Tal controversia no es susceptible de resolverse por sentencia sumaria en esta etapa del proceso.

No obstante lo anterior, resulta de rigor destacar que la consideración de ese segundo planteamiento depende de que el tribunal resuelva lo relativo a la solicitud de nulidad del testamento otorgado por la incapacidad mental del testador, asunto éste que, como dicho, tampoco es susceptible de adjudicarse mediante sentencia sumaria por estar en controversia.

Por los fundamentos antes expuestos, resolvemos que no se cometió el error señalado, por lo que procede denegar la expedición del auto solicitado.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 2001 DTA 142**

**1.** Cabe señalar que este informe indica que a los varios meses, el testador mejoró de su condición, fue dado de alta del lugar donde estaba recluido y se concluyó que podía manejar los beneficios concedidos por la Administración de Veteranos.